**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:05CV-101-M**

**RICHIE PROFFITT**                   **PLAINTIFF**

**V.**

**OWENSBORO MEDICAL HEALTH SYSTEM**       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a Motion to Remand by Plaintiff, Richie Proffitt [DN 6]. Fully briefed, this matter stands ripe for decision. For the following reasons, Plaintiff's Motion to Remand is **GRANTED.**

**I. STANDARD OF REVIEW**

With a motion to remand, the issue generally is whether the case properly was removed in the first instance. Ouellete v. The Christ Hosp., 942 F. Supp. 1160, 1162 (S.D. Ohio 1996). Federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. See, e.g., Her Majesty v. Detroit, 874 F.2d 332, 339 (6th Cir.1989). The Court has a responsibility to make an independent subject matter jurisdiction determination, rather than rely solely on a conclusory assertion of the defendant. See McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 184 (1936).

**II. BACKGROUND**

This case arises out of a dispute between Plaintiff, Richie Proffitt, and his former employer, Owensboro Medical Health System (OMHS), the Defendant in this action. Proffitt

-1-

began working for OMHS in September of 2001 as a help desk technician. Subsequently, he was promoted and assumed responsibility for OMHS's computer network system. In this capacity, Plaintiff contends that he discovered that OMHS failed to pay for or register as a licensed user of certain software programs. Plaintiff notified OMHS that this practice was "unethical, improper, and potentially illegal." OMHS refused to alter its practice, and, shortly thereafter, terminated the Plaintiff.

In light of his termination, Plaintiff brought claims of wrongful discharge and retaliatory discharge in Daviess Circuit Court. Defendant then removed the case to federal court, arguing that no state law could possibly be relevant as the Copyright Act preempts all state common law and statutory law falling within the scope of copyright law. Plaintiff now brings a Motion to Remand the case back to the Daviess Circuit Court.

### III. DISCUSSION

In his Motion to Remand, the Plaintiff argues that as it only seeks relief under Kentucky law, federal jurisdiction is only appropriate if there is a need to decide or construe a substantial issue of federal law. Plaintiff contends the there is no need to decide or construe a substantial issue of federal law in this case. Defendant asserts that an issue of federal law, specifically the Copyright Act, 17 U.S.C. § 101 *et seq.*, is present, and thus the Court has jurisdiction over the case.

In determining whether a complaint arises under federal law, courts apply the "well-pleaded complaint" rule. Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003), which is set forth as follows:

> [W]hether a case is one arising under [federal law], in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-41 (1989) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908).

Under the well-pleaded complaint rule, the district courts do not have original jurisdiction unless the federal issue appears on the face of the well-pleaded complaint; thus, there can be no removal jurisdiction in such a case. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, if the plaintiff chooses to bring a state law claim, that claim cannot generally be "recharacterized" as a federal claim for the purpose of removal. Loftis, 342 F.3d at 515.

Generally, federal preemption is a defense to a plaintiff's action, and as such, "it does not appear on the face of a well-pleaded complaint." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Consequently, it "does not authorize removal to federal court." Id. In certain cases, though, "the pre-emptive force of [federal law] is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, Inc., 482 U.S. at 393 (quoting Metropolitan Life Ins. Co., 481 U.S. at 65). This so-called complete preemption allows for removal as the court explained in Roddy v. Grand Trunk Western R.R., Inc., 395 F.3d 318, 323 (6th Cir. 2005):

> Complete preemption that supports removal and ordinary preemption are two

distinct concepts. Warner v. Ford Motor Co. 46 F.3d 531, 535 (6th Cir. 1995) (en banc).  "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court." Caterpillar, 482 U.S. at 398. Complete preemption that permits removal is reserved for statutes "designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action" while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal. 46 F.3d at 535. "The congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 260 (6th Cir. 1996) (citing Warner, 46 F.3d at 534-35).

Complete preemption is a very narrow exception to the well-pleaded complaint rule. AmSouth Bank v. Dale, 386 F.3d 763, 776 (6th Cir.2004).  In fact, the Sixth Circuit in Dale summarized the law in this area and noted the Supreme Court has only found three statutes that evince Congressional intent to completely preempt a field: § 301 of the LMRA, see Avco Corp. v. Aero Lodge No. 735,  390 U.S. 557, 560 (1968), § 502(a)(1)(B) of ERISA, see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-66, (1987), and §§ 85 and 86 of the National Bank Act, see Beneficial Nat'l Bank, 539 U.S. at 10-11.  Since that time, though, the court in Ritchie v. Williams, 395 F.3d 283, 286-87 (6th Cir. 2005) found that § 301(a) of the Copyright Act completely preempted its field.

But just because statutes such as the LMRA, ERISA, and the Copyright Act can preempt state law does not mean that complete preemption is applicable in all cases.  A wrongful discharge claim is preempted by the LMRA only if it is "inextricably intertwined with consideration of the terms of the labor contract. If the state tort law purports to define

the meaning of the contract relationship, that law is pre-empted." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985).  As to ERISA, "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991), cert. dismissed, 113 S. Ct. 2 (1992).  The guiding inquiry in both instances is Congressional intent.  Hanks v. GMC, 26 F. Supp. 2d 977, 981 (E.D. Mich. 1998).

Thus, "in deciding whether the preemptive force of the Copyright Act is so extraordinary that a state-law claim, preempted by § 301(a), becomes federal in nature, the focus of our inquiry must be congressional intent." Rosciszewski v. Arete Assocs., 1 F.3d 225, 231 (4th Cir. 1993).  The court in Rosciszewski answered that question by noting, "state-law claims which come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law, such as Rosciszewski's claim that Arete copied PDI's copyrighted ORBIS computer program, should be litigated only as federal copyright claims." Id. at 232.  Relatedly, by the express terms of 17 U.S.C. § 301(a), the Sixth Circuit has held that two requirements must be met for a state law claim to be preempted under § 301(a):

> First, the work must come within the scope of the "subject matter of copyright" as set forth in Sections 102 and 103 of the Copyright Act.  Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001). Second, the rights granted under state law must be equivalent to any of the exclusive rights within the scope of federal copyright protection. Id.

Stromback v. New Line Cinema, 384 F.3d 283, 300 (6th Cir. 2004).

Elaborating on the equivalency requirement, the court in Ritchie, 395 F.3d at 288 stated,

> In determining under § 301 [of the Copyright Act] whether or not a particular state law cause for action is "equivalent" to a federal copyright infringement action, most circuits (including this one) have referred to the "extra element test." See Wrench v. Taco Bell Corp., 256 F.3d 446, 454 (6th Cir. 2001). Under this analytical device, if the state claim requires an "extra element," beyond those required for copyright infringement, then it is not "equivalent," and therefore not preempted. Id. If there is no "extra element," or the "extra elements" are merely "illusory," then the claim is equivalent to a copyright action, it is preempted by the Copyright Act and the federal courts have exclusive jurisdiction to hear it. Id.

See also Landham v. Lewis Galoob Toys, Inc., 227 F.3d 619, 623 (6th Cir. 2000)( "[a]s long as a plaintiff states a claim of invasion of personal, state-law rights that are distinct from copyright protections, the claim will not be preempted").

Here, the Plaintiff brings state law claims of wrongful discharge and retaliatory discharge. These claims are analytically distinct from substantive copyright law claims. Claims that are completely preempted by the Copyright Act concern the subject matter of copyright and exclusive rights within the scope of federal copyright law. This is precisely Plaintiff's point when he argues in his brief that he "is only concerned in this case with recovering damages for one of those acts: the wrongful discharge, and will leave it to others to seek relief for damages relating to copyright infringements." Any claim for copyright infringement would be preempted under the Copyright Act. Though Plaintiff's claim may implicate copyright law, it does not overlap in such a way as to render it completely preempted. Thus, the arguments raised by the Defendant are appropriate only as a defense to Plaintiff's claim but not as a basis by which to remove it. Nevertheless, the Court does not

find an award of costs to be appropriate as neither it nor the parties were able to locate any direct authority to address the issue in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [DN 6] is **GRANTED.**

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Judge
United States District Court

October 3, 2005

cc: counsel of record
    Daviess Circuit Clerk